# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA MORDAUNT,<br><br>          Petitioner,<br><br>          v.<br><br>D.K. JOHNSON, Warden,<br><br>          Respondent. | Case No. ED CV 14-1103 RGK (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court vacates the reference of this action to the Magistrate Judge and dismisses the action with prejudice for failure to prosecute and for failure of a pro se litigant to update his address with the Court.

\* \* \*

This is a state habeas action. Petitioner sought to challenge her convictions for robbery and burglary. (Docket # 1.) After commencing the action, Petitioner obtained permission to file an amended habeas petition. (Docket # 10, 11, 18.) The Court (Magistrate Judge Wilner) also granted Petitioner's request that her case be stayed while she pursued additional relief in state court. (Docket # 16.) In its November 2014 order granting the stay, Judge Wilner ordered Petitioner to file

regular status reports with the Court regarding her to-be-filed state action. (Docket # 16.)

Petitioner failed to file any such reports. Moreover, orders that the Court sent to Petitioner's last known address – Chowchilla State Prison – were returned to the Court as undeliverable. (Docket # 20, 21, 22, 24.) It seems that Petitioner may have been released from custody on parole. (Docket # 20.) However, she never updated her address with the Court as required by Judge Wilner's original case management order and under Local Rule 41-6. (Docket # 4.) That Local Rule requires a pro se litigant to update his or her mailing address or risk dismissal of the action for lack of prosecution.

In February 2015, Judge Wilner issued an order to show cause why the action should not be dismissed based on Petitioner's failure to prosecute the case, failure to comply with the Court's status-report order, and failure to update her mailing address as required. (Docket # 23.) Petitioner failed to file any response to the order, presumably because the Post Office returned the order to the Court as undeliverable. (Docket # 25.) The Court has not received any filing from Petitioner since November 2014.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition

of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court finds dismissal of the action is appropriate. Plaintiff failed to provide the Court with up-to-date contact information. As a result, numerous orders from this Court have been returned as undeliverable. The magistrate judge attempted to contact Petitioner, and gave her ample opportunity to update her address with the Court. In addition, despite a clear order requiring Petitioner to file periodic status reports, Petitioner failed to file any reports with the Court regarding her state case. Plaintiff's failure to update her address as required by Local Rule 41-6 or to file the required reports demonstrate that she has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon her case by failing to update this Court with her current whereabouts. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se (but now non-custodial) litigant who did not abide by the Court's recent order, no sanction short

1  of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d
2  at 1440.
3      Accordingly, for the above reasons, this action is DISMISSED without
4  prejudice.
5      IT IS SO ORDERED.

7  Dated: May 27, 2015          _____
8                               HON. R. GARY KLAUSNER
                                UNITED STATES DISTRICT JUDGE

4